IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 5, 2007

Charles R. Fulbruge III
Clerk

No. 06-60796

ALBERT BROWN

Plaintiff–Appellee–Cross-Appellant

v.

MISSISSIPPI DEPARTMENT OF HEALTH

Defendant–Appellant–Cross-Appellee

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:05-CV-109

Before GARWOOD, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant–Appellant Mississippi State Department of Health ("MSDH") appeals from a jury trial in which Plaintiff–Appellee Albert Brown, a black male, sought damages and equitable relief for race discrimination and retaliation. The jury found in favor of Brown and awarded $75,000 in compensatory damages and $25,000 in non-pecuniary damages. MSDH filed a Motion for Judgment as a Matter of Law or New Trial or Remittitur, which the district court denied. On appeal, MSDH claims that it was entitled to judgment as a matter of law

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the evidence at trial was insufficient to support the jury's award. MSDH also argues that the non-pecuniary damages award is not supported by the evidence.

A district court's denial of a motion for judgment as a matter of law is reviewed de novo. Bryant v. Compass Group USA, Inc., 413 F.3d 471, 475 (5th Cir. 2005). We note that "[t]he jury's verdict is afforded great deference," and we will not substitute our opinion for the reasonable factual determinations of a jury. Id. After reviewing the record and arguments of counsel, we conclude that, based on the evidence, a rational jury could have found that Brown was qualified for the Chief Systems Information Officer ("CIO") position and that he was not selected for the CIO position because of his race. The jury could have concluded that MSDH's proffered reasons for Brown's non-selection were pretextual and that Brown's race was a motivating factor in MSDH's decision. Accordingly, we reject the invitation to set aside the jury's determination of discrimination and compensatory damages in the amount of $75,000.

However, with respect to Brown's non-pecuniary damages, we find that his award of $25,000 cannot stand because the supporting evidence is speculative and insufficient. For an award of non-pecuniary damages, "there must be a specific discernable injury to the claimant's emotional state, proven with evidence regarding the nature and extent of the harm." Brady v. Fort Bend County, 145 F.3d 691, 718 (5th Cir. 1998) (internal quotation marks and citation omitted). Brown testified that MSDH's discrimination caused mental anguish, emotional suffering, and stress, resulting in marital difficulties and aggravating his already-existing kidney stones. However, Brown's testimony "is too vague and conclusory to support mental anguish damages." Id. at 719 (finding non-pecuniary damages were not warranted because "when the Plaintiffs do refer to specific manifestations of emotional harm-like nervousness, sleeplessness, or stress-they fail to elaborate with any detail"). In short, Brown's testimony was

not "sufficiently detailed" to support an award of non-pecuniary damages. Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998).

Finally, we address Brown's claim that the district court erred in denying his Motion for Promotion or, Alternatively, for Front Pay. The district court awarded Brown three years of front pay, at $25,000 per year. On appeal, Brown seeks promotion to CIO or, alternatively, an award of five years of front pay. The decision to grant front pay rather than promotion is reviewed for abuse of discretion. Deloach v. Delchamps, Inc., 897 F.2d 815, 820 (5th Cir. 1990). "The Supreme Court has cautioned against the use of a remedy that 'bumps' one employee from a position in order to fill it with the victim of discrimination." Walsdorf v. Bd. of Comm'rs, 857 F.2d 1047, 1054 (5th Cir. 1988) (citing Firefighters v. Stotts, 467 U.S. 561, 579 (1983)). Considering the particular facts of this case, we easily conclude that the district court did not abuse its discretion in denying Brown's instatement as CIO and awarding three years of front pay. Therefore, the judgment is

AFFIRMED in part and REVERSED in part.